JUSTICE WEBER,
dissenting:
I respectfully dissent. The majority concludes that Montana contract law governs the interpretation of the insurance contract, including the insurance company’s obligation under that contract. I conclude the majority holding directly conflicts with Montana contract law.
The District Court concluded that the defendants were legally entitled to collect only the damages allowed by Canadian law. The defendants argued that “legally entitled to collect” simply meant that the insured must have a cause of action and must be able to establish fault and the existence of damages. The majority agreed with that contention. The plain language of the contract does not support such a conclusion. The contract stated:
“We will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an underinsured motor vehicle. ’ ’
That contract provision makes no reference to a theory of having a cause of action, establishing fault and the existence of damages. Under the contract terms the insurance company has agreed with the insured to pay damages for bodily injury which the insured is “legally entitled to collect” from the driver of the underinsured motor vehicle. The *132 venue of any action by the insured to recover damages for bodily injury against the driver of the other vehicle clearly is British Columbia, Canada. No factual or statutory basis has been established under which the insured could have sued the driver of the other vehicle in Montana. As a result, we must look to the law of British Columbia to determine the damages which the insured is legally entitled to collect from the driver of the other vehicle. Here the defendants, as the representatives of the deceased insured, are legally entitled to collect only funeral expenses in British Columbia.
In disregarding the clear and explicit meaning of the above contractual provision, the majority has disregarded the provisions of sec. 28-3-401, MCA, which states:
“EXTENT TO WHICH LANGUAGE GOVERNS INTERPRETATION. The language of a contract is to govern its interpretation if the language is clear and explicit and does not involve an absurdity.”
I conclude that under the clear and explicit provisions of this contract, the defendants are entitled to recover only the amount which they could legally collect from the driver of the other vehicle in British Columbia.
Do other contract provisions contradict the foregoing interpretation? I conclude they do not. As set forth in detail in the majority opinion, another clause provides there is no coverage until the limits of liability of other policies “have been used up.” The minimum liability limits under the Canadian policy were $200,000 and have not “been used up.” That plain and concise language is also consistent with my previous interpretation.
I conclude that contract law theory contradicts rather than supports the majority opinion. In addition to contract law theory, the majority opinion bases its conclusions on the reasonable expectations of an insured. I emphasize that Montana law does not require underinsured coverage in an automobile policy, as do many states. As a result, we have no legislative declaration of underinsurance requirements in Montana. No evidence was submitted showing the actual expectations of the deceased insured. In the absence of contrary requirements as established by Montana legislation, I can find no reasonable basis for this Court to disregard the clear and explicit provisions of the contract.
I would affirm the District Court.